# IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF FLORIDA
## TALLAHASSEE DIVISION

**HARLEY HREJN, # 983295,**
**JOSHNA TAKACH, #J36940,**

      **Plaintiffs,**

**vs.**                                        **Case No. 4:24cv416-MW-MAF**

**RICKY DIXON, et al.,**

      **Defendants.**
_____/

## REPORT AND RECOMMENDATION

This case has been opened based upon the submission of a petition for emergency temporary restraining order and/or preliminary injunction, ECF No. 1. The petition was submitted by two prisoners who are currently incarcerated at Wakulla Correctional Institution. An initial problem is that only Harley Hrejn signed the petition. Although Joshna Takach is listed as another plaintiff/petitioner, she did not sign the petition.[1] Rule 11 requires that both persons who file a pleading or motion must sign it.

---

[1] It appears that both plaintiffs are transgender and have been diagnosed as gender dysphoric [G]. ECF No. 1 at 2. Accordingly, female pronouns will be used.

More problematic, however, is that the filing fee was not paid at the time of case initiation.  Presumably, Plaintiffs will seek to file a motion for in forma pauperis status, but that will be futile.  Plaintiff Harley Hrejn has previously submitted three other cases in this Court: 4:24cv323-AW-MAF, 4:24cv382-MCR-MAF, and 4:24cv296-WS-MAF.  In case number 4:24cv296, Plaintiff Hrejn was denied in forma pauperis status and the case dismissed as malicious because Plaintiff misrepresented her litigation history.  However, in case 4:24cv382, Plaintiff has requested in forma pauperis status, although it has not yet been granted.  Plaintiff was granted in forma pauperis status in case 4:24cv323.  Thus, it does not appear that Plaintiff Hrejn can afford to pay the filing fee for this case.

The problem is that the Eleventh Circuit Court of Appeals held in the case of <u>Hubbard v. Haley</u>, 262 F.3d 1194 (11th Cir. 2001), that multiple prisoners cannot join their claims and proceed with in forma pauperis status in one case.  The Court held that multiple prisoners could not join claims and seek to "pro-rate the mandatory filing fees among" several inmates instead of each individual paying the full fee.  The Eleventh Circuit concluded that Congress's intent in passing "the PLRA was to deter frivolous civil actions brought by prisoners by requiring each individual

Case No. 4:24cv416-MW-MAF

prisoner to pay the full amount of the required fee."  262 F.3d at 1198.  In so holding, the Court implicitly found that multiple prisoners may not bring a joint civil action if they proceed in forma pauperis as "the PLRA clearly and unambiguously requires" each prisoner to pay the full amount of a filing fee. *See* 28 U.S.C. § 1915(b)(1).  Therefore, this action cannot continue because the filing fee was not paid at case initiation and the two prisoners listed on the petition are not entitled to seek in forma pauperis status.

Another more pressing problem for Plaintiffs is that they acknowledge within the petition that inmates at Wakulla "have begun the grievance process" but they cannot complete the process before the deadline[2] will pass that they wish to challenge.  ECF No. 1 at 3.  That necessarily means that Plaintiffs have not exhausted administrative remedies prior to initiating this case.

The Prison Litigation Reform Act (PLRA) mandates that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or

---

[2] At issue in the petition is a September 30, 2024, order from prison officials that gender dysphoric inmates must "send all female items home and cut their hair" within 30 days.  ECF No. 1 at 2.  Defendants Hewitt and Payner allegedly said that inmates who do not comply with have their hair forcibly cut.  *Id.*

other correctional facility until such administrative remedies as are

available are exhausted."  42 U.S.C. § 1997e(a).  The exhaustion

requirement of § 1997e(a) is mandatory, <u>Alexander v. Hawk</u>, 159 F.3d

1321, 1324-26 (11th Cir. 1998), and "applies to all inmate suits about

prison life, whether they involve general circumstances or particular

episodes, and whether they allege excessive force or some other wrong."

<u>Porter v. Nussle</u>, 534 U.S. 516, 122 S. Ct. 983, 152 L. Ed. 2d 12 (2002).

Courts lack "discretion to waive the exhaustion requirement."  <u>Booth v.

Churner</u>, 532 U.S. 731, 739, 121 S. Ct. 1819, 1824, 149 L. Ed. 2d 958

(2001) (noting that the PLRA eliminated "the discretion to dispense with

administrative exhaustion"); <u>Alexander</u>, 159 F.3d at 1325.  Furthermore, "a

court may not excuse a failure to exhaust, even to take" extenuating

circumstances into account.  <u>Ross v. Blake</u>, 136 S. Ct. 1850, 1856, 195 L.

Ed. 2d 117 (2016).

     "Requiring exhaustion allows prison officials an opportunity to resolve

disputes concerning the exercise of their responsibilities before being haled

into court."  <u>Jones v. Bock</u>, 549 U.S. 199, 204-209, 127 S. Ct. 910, 914,

166 L. Ed. 2d 798 (2007).  The instant petition makes clear that prison

officials have not yet been permitted to resolve this dispute through all

Case No. 4:24cv416-MW-MAF

levels of the grievance process.  Because § 1997e(a) requires that "[n]o action shall be brought with respect to prison conditions . . . *until* such administrative remedies as are available are exhausted," it is not enough to exhaust such remedies *after* filing a lawsuit or during the pendency of the case.  when it appears on the face of a complaint that the case fails to state a claim, it may be dismissed pursuant to § 1915(e)(2)(B).  Jones, 549 U.S. at 212, 127 S. Ct. at 919; *see also* Okpala v. Drew, 248 F. App'x 72, 73 at *1 (11th Cir. Aug. 24, 2007); Sanks v. Willams, No. CV407-070, 2007 WL 3254368, at *2 (S.D. Ga. Nov. 2, 2007) (while a prisoner is not required to demonstrate exhaustion in his complaint, nothing precludes the sua sponte dismissal of the complaint where the prisoner affirmatively states that he has not exhausted his administrative remedies); Soler v. Bureau of Prisons, No. 3:03cv488, 2007 WL 496472, at *2 (N.D. Fla. Feb. 12, 2007) (dismissing claims sua sponte where complaint made clear that the claims "had not been exhausted").  For this reason, this case should be dismissed.

While the substance of this motion presents a disturbing problem, it cannot be litigated through the filing of a case initiating petition for a preliminary injunction.  The Federal Rules of Civil Procedure state that a "civil action is commenced by filing a complaint with the court."  Fed. R.

Civ. P. 3.  A complaint has not been filed.  However, the Court notes that

Plaintiff Hrejn has two other cases proceeding in this Court.  One of those

cases also deals with GD, and it would be more appropriate to seek relief

from an allegedly unconstitutional rule in a pending case.

## **RECOMMENDED**

In light of the foregoing, it is respectfully **RECOMMENDED** that this

case be **DISMISSED** for failure to exhaust administrative remedies

pursuant to 42 U.S.C. § 1997(e).

**IN CHAMBERS** at Tallahassee, Florida, on October 11, 2024.


S/    Martin A. Fitzpatrick
**MARTIN A. FITZPATRICK**
**UNITED STATES MAGISTRATE JUDGE**



## **NOTICE TO THE PARTIES**

**Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations.  Fed. R. Civ. P. 72(b)(2). If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**

Case No. 4:24cv416-MW-MAF